(No. 84-CV-0015–

*In re* APPLICATION OF DONALD BOLTE.

*Opinion filed January 17, 1984.*
*Amended Opinion filed June 20, 1984.*
*Order filed February 14, 1986.*
*Order filed May 23, 1986.*

DONALD BOLTE, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on April 28, 1983. Donald Bolte, Claimant, seeks compensation pursuant to the provisions of the Crime Victims

Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on July 6, 1983, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Donald Bolte, age 41, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: aggravated battery. Ill. Rev. Stat. 1979, ch. 38, par. 12—4.

2. That on April 28, 1983, the Claimant was shot during an apparent robbery attempt by an unknown offender. The incident occurred while the Claimant was on the porch of 652 Henry, Joliet, Illinois. The Claimant was taken to Silver Cross Hospital for treatment of a severe gunshot wound. The Claimant is quadriplegic as a result of the injuries suffered in this shooting. A suspected offender has been apprehended and is being prosecuted.

3. That the Claimant seeks compensation for medical/hospital expenses and for loss of earnings.

4. That as of September 2, 1983, the Claimant had incurred medical/hospital expenses in the amount of $90,347.39, $74,384.95 of which was paid by insurance and $9,895.89 of which will be covered by Public Aid, leaving a balance of $6,066.55. To date, the Claimant has paid $317.37 of this balance, leaving $5,749.18 due. All other medical expenses will be covered through Public Aid.

5. That the Claimant was employed by Joyce Beverages Company prior to the injury and his average monthly earnings were $1,148.22. The Claimant suffers from quadriplegia as a result of the incident and is permanently disabled and unable to return to work.

6. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less.

7. That the Claimant was 41 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States*, 1978, life tables, volume II, his life expectancy would have been 73.3 years. Based on $750.00 per month, the projected loss of earnings for 32.3 years is $290,700.00.

8. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

9. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dramshop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

10. That the Claimant has received disability benefits in the amount of $2,300.00, which can be counted as an applicable deduction. Also, effective November 3, 1983, the Claimant was entitled to an amount of $538.00 per month from social security disability benefits, which must be counted as a deduction. This amount may increase over the course of the Claimant's entitlement to these benefits, which can be projected over his life expectancy of 73.3 years.

11. That after considering the applicable deductions against the Claimant's loss of future earnings, his loss is in excess of $15,000.00, which is the maximum amount compensable under section 10.1(f) of the Act.

12. That pursuant to section 18(c) of the Act, the Court may order that all or a portion of an award be paid jointly to the applicant and provider of services. In the instant case, the Court finds this section applicable and orders that joint payment be made.

13. That, as the Claimant's full award exceeds the $15,000.00 maximum compensable award, the Court orders that the award be paid pursuant to section 18(c) as follows:

| | |
|---|---:|
| Rehabilitation Institute of Chicago | $ 3,807.96 |
| Northwestern Memorial Hospital | 210.22 |
| Dr. Paul Meyer | 460.00 |
| Northwestern Medical Faculty Foundation | 250.00 |
| St. Joseph's Hospital | 366.75 |
| Dr. Steven Nemeth | 120.00 |
| Medical Personnel Pool of Joliet | 534.25 |
| Loss of earnings and paid medical expenses | 9,250.82 |
| Total | $15,000.00 |

It is therefore, hereby ordered that the sum of $9,250.82 (nine thousand two hundred fifty dollars and eighty-two cents) be and is hereby awarded to Donald Bolte, an innocent victim of a violent crime, to be paid and disbursed to him as follows:

(a) $2,250.82 (two thousand two hundred fifty dollars and eighty-two cents) to be paid in a lump sum;

(b) fourteen (14) equal monthly payments of $500.00 (five hundred dollars) each.

It is further ordered that the sum of $3,807.96 (three thousand eight hundred seven dollars and ninety-six cents) be and is hereby awarded to Donald Bolte and Rehabilitation Institute of Chicago.

It is further ordered that the sum of $210.22 (two hundred ten dollars and twenty-two cents) be and is hereby awarded to Donald Bolte and Northwestern Memorial Hospital, account N13045085.

It is further ordered that the sum of $460.00 (four hundred sixty dollars) be and is hereby awarded to Donald Bolte and Dr. Paul Meyer.

It is further ordered that the sum of $250.00 (two hundred fifty dollars) be and is hereby awarded to Donald Bolte and Northwestern Medical Faculty Foundation.

It is further ordered that the sum of $366.75 (three hundred sixty-six dollars and seventy-five cents) be and is hereby awarded to Donald Bolte and St. Joseph's Hospital.

It is further ordered that the sum of $120.00 (one hundred twenty dollars) be and is hereby awarded to Donald Bolte and Dr. Steven Nemeth.

It is further ordered that the sum of $534.25 (five hundred thirty-four dollars and twenty-five cents) be and is hereby awarded to Donald Bolte and Medical Personnel Pool of Joliet.

## AMENDED OPINION

Poch, J.

This claim arises out of an incident that occurred on April 28, 1983. The Claimant, Donald Bolte, sought compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

The Claimant was awarded compensation by order of the Court issued on January 17, 1984. At the time of that award, the Court found that the Claimant was entitled to the maximum award of $15,000.00 under the provisions of section 10.1(f) of the Act. This claim is now before the Court pursuant to a check for part of the award which was returned to the Court.

The Court has carefully reviewed its prior order in this cause and the returned check. Based upon this review the Court finds:

1. That in the Court's order of January 17, 1984, the amount of $366.75 was ordered paid in a joint check payable to the Claimant and St. Joseph's Hospital.

2. That upon the Claimant's receipt of this check, he attempted to sign this check over to St. Joseph's Hospital and found that this amount has been written off by that institution.

3. That the Claimant has returned this check to the Court and this check has been redeposited with the Comptroller's office.

4. That the Claimant is permanently disabled and eligible for the maximum award under section 10.1(f) for both medical expenses and loss of earnings. Therefore, this amount of $366.75 should be considered within the Claimant's loss of earnings and should be reissued in a check payable to him.

It is therefore, hereby ordered that the sum of $366.75 (three hundred sixty-six dollars and seventy-five cents) be awarded to Donald Bolte.

## ORDER

Poch, J.

This cause comes on to be heard on the Court's own motion;

On January 17, 1984, the applicant was awarded $15,000.00 in benefits, $9,250.82 of which was payable to him on account of his disability. He received a lump sum of $2,250.00 and was to receive 14 monthly installments of $500.00 for the balance, pursuant to our opinion. To date, all but $1,000.00 has been disbursed.

By telephone call the clerk's office was notified that the applicant is now deceased. Written verification was requested, but as of the time this order was prepared none has been received. The time for vouchering the next installment has passed with none having been vouchered and no contact made by the applicant.

It is hereby ordered that the periodic payments be discontinued until further notice.

## ORDER

Montana, J.

This cause coming to be heard on the Respondent's

431

motion for payment, and the Court being fully advised in the premises;

It is hereby ordered that a check in the amount of $1,000.00 shall be issued as the final installment of the award to Mr. Donald Bolte.