(No. 89-CV-0017–)

*In re* APPLICATION OF MARVIN LEWIS III

*Order filed January 30, 1989*
*Opinion filed October 21, 1991.*
*Order filed July 10, 1992.*

DANIEL NAGLE, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (RICHARD J. KRAWKOWSKI and CHARLES A. DAVIS, JR., Assistant Attorneys General, of counsel), for Respondent.

## ORDER

BURKE, J.

This claim arises out of an incident that occurred on January 16, 1988. Marvin Lewis III, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on July 6, 1988, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on January 16, 1988, the Claimant was stabbed, allegedly by an unknown offender. The incident occurred at the Claimant's residence, located at 5722 South Maryland, Chicago, Illinois. Police investigation revealed that the Claimant's account of the incident and his description of the alleged offender has varied during interviews with the investigating officers. As a result of the Claimant's failure to cooperate fully with the Chicago Police Department, their investigation was suspended.

2. That sections 76.1(b) and (c) of the Act state that a person is entitled to compensation under the Act if the appropriate law enforcement officials were notified of the perpetration of the crime and the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

3. That it appears from the police report that the Claimant declined to cooperate fully with the law enforcement officials in the apprehension and prosecution of the assailant, in that his account of the incident and his description of the alleged offender varied during interviews with the investigating officers. As a result, the Chicago Police Department suspended their investigation.

4. That by reason of the Claimant's refusal to fully cooperate with law enforcement officials in the apprehension and prosecution of the assailant as required by the Act, he is not eligible for compensation thereunder.

It is hereby ordered that this claim be, and is hereby denied.

## OPINION

Burke, J.

On January 30, 1989, this Court issued an order denying Marvin Lewis' request for compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. (Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*) In the January 30, 1989, order, this Court, in summary, stated that no compensation would be granted to Mr. Lewis because he failed to cooperate with law enforcement authorities. During the investigation of this matter by the Chicago Police Department, Claimant provided to the police contradictory descriptions of the assailant who stabbed him.

On July 14, 1989, the matter came before a commissioner for hearing. Mr. Lewis appeared with his counsel, Daniel Nagle, and the Illinois Attorney General through Assistant Attorneys General Daniel Brennan and Richard Linden. Mr. Lewis presented evidence that he did fully cooperate with the law enforcement officers in their attempt to ascertain the identity of the individual who stabbed him approximately eight times in the course of robbing him. After being stabbed, Claimant was taken to a hospital emergency room and several surgeries were performed on various parts of his body, including abdominal surgery and the insertion of a tube to alleviate the problem caused by the collapse of his right lung. As a result of the surgeries, Claimant was heavily sedated. After he had undergone several extensive surgeries and while he was sedated, a police officer attempted to talk to him. The interview of Claimant under the circumstances

did not yield highly probative evidence. In addition, Mr. Lewis did not know the identity of his attacker, although he attempted to be helpful. In addition, the evidence indicated that he was interviewed by law enforcement officers at his apartment while he was hemorrhaging. The police never contacted Mr. Lewis again after the last interview at the hospital.

The Respondent produced no contradictory evidence except a conclusory hearsay statement from a Chicago police officer through an investigator in the crime victims section of the Attorney General's Office. The hearsay statement that the Claimant was uncooperative with the police gave no basis for its conclusion and the investigator stated that the Claimant was completely cooperative with her.

Based upon the evidence elicited at the hearing of this matter, Claimant did cooperate with law enforcement authorities to the best of his ability under the circumstances and he should be compensated for the injuries he suffered as a result of the stabbing.

Wherefore, it is hereby ordered:

1) That the Claimant be awarded just compensation under the Crime Victims Compensation Act.

2) That Claimant is given 30 days from the date of entry of this order to submit to Respondent proof of medical expenses and loss of earnings.

## ORDER

Burke, J.

This cause coming to be heard upon the Court's own motion, it is hereby found that the parties have entered into a stipulation whereby the Attorney General's Office

has recommended that the sum of $9,801.50 be paid to Claimant, Marvin Lewis III, the innocent victim of a violent crime.

Wherefore, it is hereby ordered that;

1) The sum of $9,801.50 be made payable to the Claimant, Marvin Lewis III.

2) This case be closed.