(No. 98-CV-0811—

*In re* APPLICATION OF DARNELL MALONE

*Opinion filed May 9, 2000.*

DARNELL MALONE, *pro se.*

JAMES E. RYAN, Attorney General (KIMBERLY M. PATE, Assistant Attorney General, of counsel) for Respondent.

## OPINION ON REHEARING

Epstein, J.

This crime victims compensation application is back before the Court on rehearing, following an evidentiary hearing before Commissioner Stephen R. Clark held pursuant to the Crime Victims Compensation Act (the "Act") (740 ILCS 45/1 *et seq.*) to reconsider and to reopen the case following our initial order denying this application.

An order was entered by this Court on September 29, 1998, denying the claim on grounds that the Claimant failed to cooperate with law enforcement officials in the apprehension and prosecution of the assailant, in that he refused to identify the assailant. The Claimant made a timely request for a hearing pursuant to section 13.1 of the Act. A hearing was held before the undersigned Commissioner Stephen R. Clark on December 10, 1999. The evidence consists of testimony of the Claimant, a police report and bills submitted by the Claimant documenting expenses incurred for medical treatment.

The Claimant testified that he was walking home from a bar on the night of August 8, 1997, when he was shot in the back of the neck. The Claimant next recalls waking up in a hospital a day after the incident. There was conflicting testimony on whether the Claimant identified the assailant or refused to identify the assailant on the night of the incident. The Claimant introduced a letter from the attending physician that due to the traumatic nature of the Claimant's injury, it is likely that the Claimant would not be able to recall how he received his injury.

At the encouragement of the police officers, the Claimant went to a hypnotherapist in an attempt to recall who had shot him. The Claimant testified that he received an anonymous call indicating that the assailant was James Webb. The Claimant testified that he informed the police officers investigating the incident of the name of the alleged assailant but that he could not be positive that James Webb shot him.

Section 6.1 of the Act states that a person is entitled to compensation under the Act if the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant. The State contends that the Claimant declined to cooperate fully with law enforcement officials in the apprehension and prosecution of the assailant in that he refused to identify the assailant. While the medical reports indicate that the Claimant would not tell who shot him, the medical reports and the letter from the attending physician indicate that the Claimant was in no condition to furnish reliable statements as he had undergone a traumatic event.

In *In re Application of Lewis* (1992), 45 Ill. Ct. Cl. 489, the Court reversed a denial of claim, where it was shown that the Claimant cooperated to the best of his abilities in apprehending the suspect where the Claimant was sedated and had undergone surgery after being stabbed. *Id.* at 490.

The State alleges that the Claimant has failed to positively identify the alleged assailant. The Claimant has informed the police of who the assailant might be, however, the Claimant cannot be positive that James Webb was the assailant. The Claimant should not be forced or induced to identify someone as the assailant if he is not positive of the person's identification. The requirement under the Act is to cooperate, not to successfully prosecute. This Court

finds that the Claimant has cooperated to the best of his abilities in the apprehension and prosecution of the assailant.

The Claimant seeks compensation under the Act for medical bills and lost wages. However, the medical bills were discharged in bankruptcy. Section 18(c) of the Act allows the Court to order that all or a portion of an award be paid jointly to the applicant and provider of services. The Court in *In re Application of Bolte* (1984), 38 Ill. Ct. Cl. 424, modified payment of compensation where the Court had previously ordered to be paid a joint check payable to the Claimant and the hospital. There, the hospital had "written off" the amount owed to it by the Claimant. *Id.* at 427. The Court reissued payment to the Claimant to include only his loss of earnings. *Id.* at 427.

The Court recognizes that there is no justification to award the Claimant his medical expenses, since his debt for those expenses was discharged in bankruptcy. However, the Act does allow compensation to be paid to the medical providers for unpaid medical expenses that are otherwise compensable under the Act. The Claimant also introduced evidence of the amount of time that he could not work as a result of the incident. However, the Claimant failed to establish his hourly wage.

Therefore, this Court reverses its order of September 29, 1998, and allows the Claimant an opportunity to submit documentation on his hourly wage to compute the loss of earnings that are compensable under the Act.

### Order

For the foregoing reasons, it is hereby ordered:

1. This Court's order of September 29, 1998, is vacated;

2. This case is reopened and reversed;

3. The Claimant is directed to submit documentation on his hourly wage to compute the loss of earnings that are compensable under the Act with copies to the Attorney General within 30 days of the date of this order identifying the amount of the award that should be paid to the Claimant; and

4. The Respondent is directed to investigate the compensation due to the Claimant and to any medical providers. The Respondent shall file a report with the Court within 60 days of the date of this order identifying the amount of the award that should be paid to the Claimant or to others in accordance with the Crime Victims Compensation Act and this order.